**DATKO, Plaintiff-Appellant, v. GIEB et, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22652. Decided February 9, 1953.

Morton D. Barrisch, Cleveland, for plaintiff-appellant.
John J. Wintering, Cleveland, for defendant-appellee.

## OPINION

**PER CURIAM:**

The plaintiff, a minor, entered into an agreement to purchase a motor vehicle from defendant, paying the said defendant the full purchase price of $1,500.00. After he took delivery of the car he offered to return it to defendant and demanded the return of his money on the ground that he was a minor both on the date of the purchase and at the time of his disaffirmance of the purchase. The fact that he was then a minor is not in dispute. The record shows that the plaintiff conducted his negotiations with the defendant, believing him to be the owner of said automobile and paid to him the full purchase price. After the purchase of the automobile, the plaintiff learned for the first time that the certificate of title was in the name of Robert Beckett, said certificate of title being signed by Beckett in blank and delivered to plaintiff in such form by the defendant at the time the transaction was completed.

Upon trial, after the foregoing evidence was introduced, upon defendant's motion for judgment at the conclusion of plaintiff's case the court granted said motion for reason that the defendant did not have the certificate of title to the automobile in his name. That the rule relating to an undisclosed agent did not apply and that because of the provisions of §6290-4 GC., the plaintiff could not maintain an action for return of his money against the defendant because the defendant did not have the registered title to the car in his name and in so holding the court committed prejudicial error to the rights of the plaintiff.

The motor vehicle title law is not concerned or involved in this proceeding. If the defendant acted for an undisclosed principal, making the contract in his own name, he is bound by his contract and an infant with whom he deals has the right to look to him for the return of the money upon disaffirmance of the purchase agreement during his minority or within a reasonable time after becoming of age.

Judgment reversed and cause remanded for further proceedings according to law. Exceptions noted. O. S. J.

SKEEL, PJ, HURD, J, KOVACHY, J, concur.